IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| ZYNGA, INC., | ) | |
|   699 8th Street | ) | |
|   San Francisco, CA 94103, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| IMAGENESIS CORP., | ) | |
|   9111 Whitmore Lane | ) | |
|   Frederick, MD 21704 | ) | |
|   Frederick County, | ) | |
| | ) | |
|      Defendant. | ) | |

## COMPLAINT

Plaintiff Zynga Inc. ("Zynga") brings this Complaint against Defendant Imagenesis Corp. ("Defendant" or "Imagenesis") for injunctive relief and damages under the laws of the United States and the State of Maryland.

## HISTORY OF THE DISPUTE

1.      Zynga brings this lawsuit in order to protect its hard-earned reputation in the social gaming space from Defendant's opportunistic exploitation of Zynga's distinctive and famous family of 'VILLE trademarks for social games.

2.      Zynga is the world's largest social gaming company and is the premier publisher of social games.  Zynga's games are available on social networking platforms such as Facebook, as well as on mobile platforms such as Android and Apple's iOS (incorporated into Apple's iPhone and iPad products).

3.      Since its founding in 2007, Zynga has created and published the world's most successful social games, including its famous 'VILLE family of games.

4.      As of December 17, 2010 – which is the date Defendant has admitted it first used its infringing mark in commerce – the 'VILLE Family of Games included FARMVILLE®, CITYVILLE®, FISHVILLE®, FRONTIERVILLE®, PETVILLE® and YOVILLE® (collectively the "'VILLE Family of Games").  The names and respective trademarks of the 'VILLE Family of Games are alleged in detail below, and are collectively referred to herein as the "'VILLE Family of Marks."  Zynga continues to expand its 'VILLE Family of Games, and has offered the following additional games within this family, without limitation:  CASTLEVILLE®, CHEFVILLE®, CITYVILLE 2™, CITYVILLE HOLIDAYTOWN™, CITYVILLE HOMETOWN®, COASTERVILLE™, FARMVILLE 2™, FORESTVILLE® and THE VILLE™.

5.      In or about mid-December 2010, Zynga became aware that Defendant had registered the Internet domain name <mafiaville.com>, where it was advertising an "isometric social game" titled MAFIAVILLE.  Zynga promptly notified Defendant of its rights in the 'VILLE Family of Marks and demanded that Defendant cease use of the MAFIAVILLE name.

6.      Despite being on clear notice of Zynga's rights in and to the 'VILLE Family of Marks, on February 5, 2011, Imagenesis filed an application with the United States Patent and Trademark Office ("PTO") seeking to register MAFIAVILLE as a trademark in International Class 41 for "Entertainment services, namely, providing an on-line computer game."  The application included a Declaration stating that Imagenesis first used MAFIAVILLE in commerce at least as early as December 17, 2010.  A true and correct copy of Imagenesis' application, printed from the PTO's website, is attached hereto as **Exhibit A**.

7.      Three days later, on February 8, 2011, Imagenesis filed Case No. 1:11-cv-00340-WMN in this Court purporting to seek a declaration that, *inter alia*, "Imagenesis' use of the trademark name 'MafiaVille' does not constitute trademark infringement or dilution" of Zynga's trademark rights.  The complaint was signed by Imagenesis' Director-President-Treasurer-Secretary Vagif Kuliyev, but no appearance was entered by any member of the bar of this Court.  Following an Order to Show Cause

2

why the complaint should not be dismissed for the failure of counsel to enter an appearance, Imagenesis filed a notice of voluntary dismissal, and the Court dismissed the case without prejudice on March 14, 2011.

8.      Since the dismissal of Imagenesis' declaratory judgment action, Zynga has continued to enforce its rights in the 'VILLE Family of Marks against Imagenesis at the PTO.  In particular, Zynga opposed Imagenesis' application to register the trademark MAFIAVILLE (the "Opposition Proceeding").  The Opposition Proceeding is still pending.

9.      Recently, Defendant has made clear that it has no intention of abandoning its infringing MAFIAVILLE mark.  Zynga has filed this lawsuit in order to fully and finally resolve its dispute with Imagenesis and to obtain permanent injunctive relief and other relief as specified below.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.      Zynga's 'VILLE Family of Games consists of the most popular online and mobile games in the world.  More than **sixty-five million** (65,000,000) people currently play Zynga's famous 'VILLE Family of Games every month on Facebook and other social websites and mobile platforms.

11.      During all times relevant to this lawsuit, Zynga has promoted the 'VILLE Family of Games together as a family, identified by the distinctive 'VILLE suffix.  Among other things, Zynga has advertised the 'VILLE Family of Games on Zynga.com and Facebook using such slogans as "Welcome to the home of Zynga's *Ville*™ games," "Zynga – home of the Ville," "What's your Ville?" and "Join the Ville Family."  Zynga has promoted the 'VILLE Family of Games to millions of potential consumers through advertisements and promotions.  As a result of Zynga's extensive marketing efforts and the unmatched success of its 'VILLE Family of Games, among other reasons, Facebook users and other users of online social games throughout the United States came to associate immediately the distinctive 'VILLE Family of Marks with Zynga before any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

3

12.     Zynga's games compete on websites and mobile platforms with hundreds of social games.  Unfortunately, following the success of the 'VILLE Family of Games, a number of entities have attempted to adopt names that combine a word that connotes the particular game's theme, on the one hand, with the distinctive and famous 'VILLE suffix, on the other.  Such entities thereby seek to use names that will confuse consumers, trade off of Zynga's popularity, and exploit the goodwill Zynga has developed in the 'VILLE Family of Marks.

13.     Zynga has diligently policed its rights in the 'VILLE Family of Marks against such would-be infringers, including through the use of cease-and-desist letters, by instituting opposition proceedings with the PTO's Trademark Trial and Appeal Board, and where necessary, by bringing federal litigation.

14.     Defendant is no different from these other infringers.  Following the launches and phenomenal successes of Zynga's FARMVILLE®, CITYVILLE®, FISHVILLE®, FRONTIERVILLE®, PETVILLE® and YOVILLE® games, Defendant selected MAFIAVILLE for its mafia-themed social game.

15.     There can be no question that Defendant was fully aware of Zynga's success and Zynga's 'VILLE Family of Games prior to selecting the name for its online social game.  Indeed, on information and belief, Defendant played some or all of Zynga's 'VILLE Family of Games (and also Zynga's MAFIA WARS® game) prior to filing a trademark for MAFIAVILLE, and Defendant also admitted that Defendant was aware of some of Zynga's 'VILLE Family of Games during discovery in the Opposition Proceeding.

16.     Zynga is informed and believes, and on that basis alleges, that Defendant selected the name MAFIAVILLE with Zynga's game titles fully in mind.  Like Zynga's 'VILLE Family of Marks, this name combines a term connoting the game's theme ("mafia"), with the distinctive 'VILLE suffix.  And, notably, the MAFIAVILLE name leverages the equity of <u>two</u> Zynga franchises – i.e., the 'VILLE Family of Games and the wildly successful MAFIA WARS® game.

4

17.     Zynga never authorized Defendant to use the distinctive 'VILLE suffix that identifies Zynga's 'VILLE Family of Games, nor would it authorize a game name likely to cause consumer confusion and diminish the value of the 'VILLE Family of Marks.

## NATURE OF THE CASE

18.     This is an action for violation of the federal Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c), as well as MD. CODE ANN., COM. LAW § 13-301, *et seq.* and the common law of the State of Maryland.

## THE PARTIES

19.     Plaintiff Zynga is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in San Francisco, California.

20.     Zynga is informed and believes, and on that basis alleges, that Defendant is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in Frederick, Maryland.

## JURISDICTION & VENUE

21.     This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. §§ 1114 and 1125.  This Court has jurisdiction of the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125.  This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the Trademark Laws of the United States and so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

22.     Zynga is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant, which maintains its principal place of business in this judicial District.

23.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

**FIRST CAUSE OF ACTION**
**(Federal Trademark Infringement – 15 U.S.C. § 1114(1))**

24.     Zynga repeats, realleges and incorporates Paragraphs 1-23 as though fully set forth in this cause of action.

25.     Zynga owns United States Federal Trademark Registration Nos. 3994661 and 4206706 for the trademark and service mark CITYVILLE® in International Classes 9 and 41, true and correct copies of which are attached hereto as **Exhibit B** (collectively referred to hereinafter as the "CITYVILLE® Marks").  Prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest, the CITYVILLE® Marks were two of Zynga's 'VILLE Family of Marks, which Zynga has used in connection with its famous social games on Facebook and other platforms.

26.     As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's 'VILLE Family of Games generally, and CITYVILLE® specifically, users of social games immediately associated the distinctive CITYVILLE® Marks with Zynga prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

27.     Zynga owns United States Federal Trademark Registration No. 3861880 for the trademark and service mark FARMVILLE® in International Classes 9 and 41, United States Federal Trademark Registration No. 4232126 for the trademark and service mark FARMVILLE (Stylized)® in International Class 41 and United States Federal Trademark Registration No. 3861862 for the trademark and service mark FARMVILLE BY ZYNGA (& Design)® in International Classes 9 and 41, true and correct copies of which are attached hereto as **Exhibit C**.  Prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest, the FARMVILLE®, FARMVILLE (Stylized)® and FARMVILLE BY ZYNGA (& Design)® marks were three of Zynga's 'VILLE Family

of Marks, which Zynga has used in connection with its famous social games on Facebook and other platforms.

28.      As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's 'VILLE Family of Games generally, and FARMVILLE® specifically, users of social games immediately associated the distinctive FARMVILLE®, FARMVILLE (Stylized)® and FARMVILLE BY ZYNGA (& Design)® marks with Zynga prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

29.      Zynga owns United States Federal Trademark Registration No. 3840284 for the trademark and service mark FISHVILLE® in International Classes 9 and 41, a true and correct copy of which is attached hereto as **Exhibit D**.  Prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest, the FISHVILLE® mark was one of Zynga's 'VILLE Family of Marks, which Zynga has used in connection with its famous social games on Facebook and other platforms.

30.      As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's 'VILLE Family of Games generally, and FISHVILLE® specifically, users of social games immediately associated the distinctive FISHVILLE® mark with Zynga prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

31.      Zynga owns United States Federal Trademark Registration No. 4274024 for the trademark and servicemark FRONTIERVILLE (Stylized)® in International Class 41, a true and correct copy of which is attached hereto as **Exhibit E**.  Prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest, the FRONTIERVILLE (Stylized)® mark was one of Zynga's 'VILLE Family of Marks, which Zynga has used in connection with its famous social games on Facebook and other platforms.

32.      As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's 'VILLE Family of Games generally, and FRONTIERVILLE® specifically, users of

social games immediately associated the distinctive FRONTIERVILLE (Stylized)® mark with Zynga prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

33.     Zynga owns United States Federal Trademark Registration No. 4072420 for the trademark and service mark PETVILLE® in International Classes 9 and 41, a true and correct copy of which is attached hereto as **Exhibit F**.  Prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest, the PETVILLE® mark was one of Zynga's 'VILLE Family of Marks, which Zynga has used in connection with its famous social games on Facebook and other platforms.

34.     As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's 'VILLE Family of Games generally, and PETVILLE® specifically, users of social games immediately associated the distinctive PETVILLE® mark with Zynga prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

35.     Zynga owns the United States Federal Trademark Registration No. 3773188 for the trademark and service mark YOVILLE® in International Classes 9 and 41, a true and correct copy of which is attached hereto as **Exhibit G**.  Prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest, the YOVILLE® mark was one of Zynga's 'VILLE Family of Marks, which Zynga has used in connection with its famous social games on Facebook and other platforms.

36.     As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's 'VILLE Family of Games generally, and YOVILLE® specifically, users of social games immediately associated the distinctive YOVILLE® mark with Zynga prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

37.     In addition to the individual CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE (& Design)®, FISHVILLE®, FRONTIERVILLE (Stylized)®, PETVILLE® and YOVILLE® marks, the 'VILLE suffix has acquired distinctiveness within the market for social games as an indicator of source before any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.  At all times relevant to this lawsuit, users of social games have immediately

associated the 'VILLE suffix with Zynga and its reputation for creating dynamic and high-quality social games.

38.     Defendant's admitted use in commerce of the name MAFIAVILLE in connection with an online social game constitutes trademark infringement of Zynga's rights in the registered marks CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE®, and each of them, pursuant to 15 U.S.C. § 1114(1).

39.     Defendant's admitted use in commerce of MAFIAVILLE is likely to cause confusion, or to cause mistake, or to deceive users of online social games, who are likely to believe erroneously that MAFIAVILLE originates from the same source as Zynga's 'VILLE Family of Games, including without limitation the games CITYVILLE®, FARMVILLE® and YOVILLE®, or is otherwise affiliated, connected, or associated with Zynga, or sponsored or approved by Zynga, when in fact it is not.

40.     Defendant has knowingly and willfully infringed Zynga's trademark rights by deliberately exploiting the substantial goodwill associated with Zynga's 'VILLE Family of Marks generally, and specifically with the registered marks CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE®, and each of them.  Zynga is informed and believes, and on that basis alleges, that Defendant selected the name MAFIAVILLE with the express intent to cause confusion and to deceive consumers into believing that MAFIAVILLE is one of, or otherwise associated with, Zynga's 'VILLE Family of Games.

41.     Zynga has no adequate remedy at law.  Defendant's conduct as alleged herein has caused, and if not enjoined will continue to cause, irreparable harm to Zynga's rights in its 'VILLE Family of Marks, and in particular its CITYVILLE®, FARMVILLE®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE® marks, and each of them, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

## SECOND CAUSE OF ACTION
### (Federal Trademark Infringement – 15 U.S.C. § 1125(a))

42.     Zynga repeats, realleges and incorporates Paragraphs 1-41 as though fully set forth in this cause of action.

43.      Prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest, the CITYVILLE® Marks were two of Zynga's 'VILLE Family of Marks, which Zynga has used in connection with its famous social games on Facebook and other platforms.

44.     As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's 'VILLE Family of Games generally, and CITYVILLE® specifically, users of social games immediately associated the distinctive CITYVILLE® Marks with Zynga prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

45.     Prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest, the FARMVILLE®, FARMVILLE (Stylized)® and FARMVILLE BY ZYNGA (& Design)® marks were three of Zynga's 'VILLE Family of Marks, which Zynga has used in connection with its famous social games on Facebook and other platforms.

46.     As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's 'VILLE Family of Games generally, and FARMVILLE® specifically, users of social games immediately associated the distinctive FARMVILLE®, FARMVILLE (Stylized)® and FARMVILLE BY ZYNGA (& Design)® marks with Zynga prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

47.     Prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest, the FISHVILLE® mark was one of Zynga's 'VILLE Family of Marks, which Zynga has used in connection with its famous social games on Facebook and other platforms.

48.     As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's 'VILLE Family of Games generally, and FISHVILLE® specifically, users of social

games immediately associated the distinctive FISHVILLE® mark with Zynga prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

49.     Zynga owns Federal Trademark Application Serial No. 77894903 for the trademark and service mark FRONTIERVILLE™ in International Classes 9 and 41.  A true and correct copy of the application record for this application from the PTO Electronic Search System Database is attached hereto as **Exhibit H**.

50.     Prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest, the FRONTIERVILLE™ mark and FRONTIERVILLE (Stylized)® mark were two of Zynga's 'VILLE Family of Marks, which Zynga has used in connection with its famous social games on Facebook and other platforms.

51.     As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's 'VILLE Family of Games generally, and FRONTIERVILLE® specifically, users of social games immediately associated the distinctive FRONTIERVILLE™ and FRONTIERVILLE (Stylized)® marks with Zynga prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

52.     Prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest, the PETVILLE® mark was one of Zynga's 'VILLE Family of Marks, which Zynga has used in connection with its famous social games on Facebook and other platforms.

53.     As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's 'VILLE Family of Games generally, and PETVILLE® specifically, users of social games immediately associated the distinctive PETVILLE® mark with Zynga prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

54.     Prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest, the YOVILLE® mark was one of Zynga's 'VILLE Family of Marks, which Zynga has used in connection with its famous social games on Facebook and other platforms.

55.     As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's 'VILLE Family of Games generally, and YOVILLE® specifically, users of social games immediately associated the distinctive YOVILLE® mark with Zynga prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.

56.     In addition to the individual CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)®, FISHVILLE®, FRONTIERVILLE™, FRONTIERVILLE (Stylized)®, PETVILLE® and YOVILLE® marks, the 'VILLE suffix has acquired distinctiveness within the market for social networking games as an indicator of source prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.  At all times relevant to this lawsuit, users of social games immediately have associated the distinctive 'VILLE suffix with Zynga and its reputation for creating dynamic and high quality social games.

57.     Defendant's admitted use in commerce of the name MAFIAVILLE in connection with an online social game constitutes trademark infringement of Zynga's rights in the 'VILLE Family of Marks, as well as Zynga's rights in the CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE® marks, and each of them, and unfair competition pursuant to 15 U.S.C. § 1125(a).

58.     Defendant's admitted use in commerce of MAFIAVILLE  is likely to cause confusion, or to cause mistake, or to deceive users of social games, who are likely to believe erroneously that MAFIAVILLE originates from the same source as Zynga's 'VILLE Family of Games, including without limitation the games CITYVILLE®, FARMVILLE® and YOVILLE®, or is otherwise affiliated, connected, or associated with Zynga, or sponsored or approved by Zynga, when in fact it is not.

59.     Defendant has knowingly and willfully infringed Zynga's trademark rights by deliberately exploiting the substantial goodwill associated with Zynga's 'VILLE Family of Marks, and with the CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE® marks, and each of them.  Zynga is informed and believes and on that basis

alleges that Defendant selected the name MAFIAVILLE with the express intent to cause confusion and to deceive users of social games into believing that MAFIAVILLE is one of, or otherwise associated with, Zynga's 'VILLE Family of Games.

60.     Zynga has no adequate remedy at law.  Defendant's conduct as alleged herein has caused and if not enjoined will continue to cause irreparable harm to Zynga's rights in the 'VILLE Family of Marks, as well as its rights in the CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE®  marks, and each of them, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

**THIRD CAUSE OF ACTION**
**(Federal False Designation of Origin – 15 U.S.C. § 1125(a))**

61.     Zynga repeats, realleges and incorporates Paragraphs 1-60 as though fully set forth in this cause of action.

62.     Zynga owns the trademark rights in the distinctive 'VILLE Family of Marks for use in connection with social networking games, including without limitation the games CITYVILLE®, FARMVILLE® and YOVILLE®.

63.     As a result of Zynga's substantial marketing and promotional efforts, as well as the tremendous success of Zynga's 'VILLE Family of Games, the 'VILLE suffix has acquired distinctiveness within the market for social games as an indicator of source prior to any use in commerce of MAFIAVILLE by Defendant or any of its predecessors in interest.  At all times relevant to this lawsuit, users of social games have immediately associated the distinctive 'VILLE suffix with Zynga and its reputation for creating dynamic and high quality social networking games.

64.     Consumers who come across MAFIAVILLE are likely to believe, erroneously, that MAFIAVILLE is another new addition to, or is otherwise affiliated with, Zynga's 'VILLE Family of Games.

65.     Defendant's admitted use in commerce of the suffix 'VILLE in connection with an online social game constitutes a false designation of origin pursuant to 15 U.S.C. § 1125(a).

66.     Defendant's admitted use in commerce of MAFIAVILLE is likely to cause confusion, or to cause mistake or to deceive users of social games into believing that Defendant's "'VILLE game" originates from the same source as Zynga's 'VILLE Family of Games, including without limitation the games CITYVILLE®, FARMVILLE® and YOVILLE®, or is otherwise affiliated, connected, or associated with Zynga, or sponsored or approved by Zynga, when in fact it is not.

67.     Defendant has knowingly and willfully infringed Zynga's trademark rights by deliberately exploiting the substantial goodwill associated with Zynga's 'VILLE Family of Marks, as well as the goodwill associated with the CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE® marks, and each of them.  Zynga is informed and believes that Defendant selected the name MAFIAVILLE with the express intent to cause confusion and to deceive users of social games into believing that MAFIAVILLE is one of, or otherwise associated with, Zynga's 'VILLE Family of Games.

68.     Zynga has no adequate remedy at law.  Defendant's conduct as alleged herein has caused and if not enjoined will continue to cause irreparable harm to Zynga's rights in its 'VILLE Family of Marks, as well as its rights in the CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE®  marks, and each of them, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

14

**FOURTH CAUSE OF ACTION**
**(Federal Dilution – 15 U.S.C. § 1125(c))**

69.     Zynga repeats, realleges and incorporates Paragraphs 1-68 as though fully set forth in this cause of action.

70.     Zynga owns the trademark rights in the distinctive FARMVILLE® and CITYVILLE® Marks used in connection with social networking games and related goods and services.

71.     Zynga's FARMVILLE® and CITYVILLE® Marks are famous in that they are widely recognized by the general consuming public of the United States as a designation of Zynga's goods and services.  Zynga's FARMVILLE® and CITYVILLE® Marks became famous throughout the United States prior to any use in commerce of the name MAFIAVILLE by Defendant or any of its predecessors in interest.

72.     Defendant's admitted use in commerce of the name MAFIAVILLE in connection with an online social game is likely to dilute the famous FARMVILLE® and CITYVILLE® marks in violation of 15 U.S.C. § 1125(c).

73.     The similarity between Defendant's MAFIAVILLE mark and Zynga's famous FARMVILLE® mark gives rise to an association between the parties' respective marks that is likely to impair the distinctiveness of the famous FARMVILLE® mark and is also likely to harm the reputation of the famous FARMVILLE® mark.

74.     The similarity between Defendant's MAFIAVILLE mark and Zynga's famous CITYVILLE® Marks gives rise to an association between the parties' respective marks that is likely to impair the distinctiveness of the famous CITYVILLE® Marks and is also likely to harm the reputation of the famous CITYVILLE® Marks.

75.     Defendant has knowingly and willfully sought to dilute Zynga's famous FARMVILLE® and CITYVILLE® Marks.  Zynga is informed and believes that Defendant selected the name

MAFIAVILLE with the express intent to associate MAFIAVILLE with Zynga's famous FARMVILLE® and CITYVILLE® Marks in the minds of consumers.

76.     Zynga has no adequate remedy at law.  Defendant's conduct as alleged herein has caused and if not enjoined will continue to cause irreparable harm to Zynga's rights in its FARMVILLE® and CITYVILLE® Marks, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

**FIFTH CAUSE OF ACTION**
**(Trademark Infringement and Unfair Competition – Maryland Common Law)**

77.     Zynga repeats, realleges and incorporates Paragraphs 1-76 as though fully set forth in this cause of action.

78.     Zynga owns common law trademark rights in the United States and throughout the State of Maryland in the 'VILLE Family of Marks, as well as the CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE® marks.

79.     Defendant's admitted use in commerce of MAFIAVILLE constitutes trademark infringement of the 'VILLE Family of Marks, as well as the CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE® marks, and each of them, as well as unfair competition, in violation of the common law of the State of Maryland.

80.     Defendant has knowingly and willfully infringed Zynga's trademark rights by deliberately exploiting the substantial goodwill associated with Zynga's 'VILLE Family of Marks, as well as the CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE® marks, and each of them.  Zynga is informed and believes and on that basis alleges that Defendant selected the name MAFIAVILLE with the express intent to cause confusion and to deceive users of social games into believing that MAFIAVILLE is one of, or otherwise associated with, Zynga's 'VILLE Family of Games.

81.     Zynga has no adequate remedy at law.  Defendant's conduct as alleged herein has caused and if not enjoined will continue to cause irreparable harm to Zynga's rights in the 'VILLE Family of Marks, and its rights in the CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE® marks, and each of them, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

## SIXTH CAUSE OF ACTION
### (Unfair Competition - MD CODE. ANN., COM. LAW § 13-301 *et seq.*)

82.     Zynga repeats, realleges and incorporates Paragraphs 1-81 as though fully set forth in this cause of action.

83.     Defendant's admitted use in commerce of MAFIAVILLE constitutes an unfair and deceptive trade practice within the meaning of the Maryland Consumer Protection Act in that Defendant is: (1) causing a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective goods and services; (2) causing a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendant with Zynga; (3) using deceptive representations or designations of origin in connection with Defendant's operation of its business; and (4) engaging in other conduct that similarly creates a likelihood of confusion or of misunderstanding of the trade and public, including without limitation consumers in this District.

84.     Defendant's admitted use in commerce of MAFIAVILLE constitutes unfair competition and an unfair or deceptive trade practice in violation of MD CODE ANN., COM. LAW § 13-301, *et seq*.

85.     Zynga is informed and believes and on that basis alleges that Defendant selected the name MAFIAVILLE with the express intent to cause confusion and to deceive users of social games into believing that MAFIAVILLE is one of, or otherwise associated with, Zynga's 'VILLE Family of Games.

86.     Zynga has no adequate remedy at law.  Defendant's conduct as alleged herein has caused and if not enjoined will continue to cause irreparable harm to Zynga in an amount that cannot be accurately computed at this time but will be proven at trial.  Defendant's conduct as alleged herein has also caused, and if not enjoined will continue to cause substantial injury to the public.

## PRAYER FOR RELIEF

WHEREFORE, Zynga prays for a judgment as follows:

A.      That the Court enter a finding that use by Defendant of the name MAFIAVILLE infringes Zynga's rights in the 'VILLE Family of Marks, as well as its rights in the CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE® marks, and each of them;

B.      That the Court enter a finding that use by Defendant of the name MAFIAVILLE is likely to cause dilution of Zynga's famous FARMVILLE® and CITYVILLE® Marks by blurring and by tarnishment;

C.      That the Court enter a preliminary injunction and a permanent injunction prohibiting Defendant, as well as its officers, directors, predecessors, successors, agents, employees, representatives and all persons corporations or other entities acting in concert or participation with Defendant from:

i.     Using the name MAFIAVILLE in connection with any social game in Maryland and throughout the United States;

ii.    Infringing any of Zynga's intellectual property rights in its 'VILLE Family of Marks;

iii.   Infringing any of Zynga's intellectual property rights in the CITYVILLE®, FARMVILLE®, FARMVILLE (Stylized)®, FARMVILLE BY ZYNGA (& Design)® and YOVILLE® marks, or any of them;

iv.    Continuing to engage in any activity that is likely to dilute the value of Zynga's famous FARMVILLE® and CITYVILLE® Marks, or any of them;

     v.     Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive members of the public to believe that the actions of Defendant or any of its officers, directors, predecessors, successors, agents, employees, representatives and all persons corporations or other entities acting in concert or participation with Defendant are sponsored, approved, or licensed by Zynga, or are in any way connected or affiliated with Zynga;

     vi.     Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Zynga, including without limitation the 'VILLE suffix;

     vii.     Otherwise competing unfairly with Zynga in any manner; and

     viii.     Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i)-(vii) above.

D.     That the Court award Zynga damages in accordance with applicable law, including without limitation three times the amount of any and all profits realized by Defendant from the use of the MAFIAVILLE name in accordance with 15 U.S.C. § 1117(a);

E.     That the Court award Zynga its reasonable attorneys' fees pursuant to MD. CODE ANN., COM. LAW § 13-408, and also find that this is an exceptional case and award Zynga its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a);

F.     That the Court retain jurisdiction of this action for the purpose of enabling Zynga to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof; and

G.      For such other and further relief as the Court may deem just and equitable.

**PLAINTIFF ZYNGA HEREBY DEMANDS A TRIAL BY JURY.**

This 19th day of February, 2013.

Respectfully submitted,

/s/ Barry J. Fleishman
Barry J. Fleishman (Md. Bar No. 15869)
Gregory M. Jacobs (Md. Bar No. 18512)
**KILPATRICK TOWNSEND & STOCKTON LLP**
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
Telephone: (202) 508-5835
Facsimile: (202) 585-0003
bfleishman@kilpatricktownsend.com
gjacobs@kilpatricktownsend.com

Attorneys for Plaintiff Zynga Inc.

**OF COUNSEL:**

Dennis L. Wilson (*pro hac vice to be filed*)
Christopher T. Varas (*pro hac vice to be filed*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212
Telephone: (310) 248-3830
Facsimile:  (310) 860-0363
dwilson@kilpatricktownsend.com
cvaras@kilpatricktownsend.com